CLERK'S OFFICE U.S. DIST. COURT,
AT ROANOKE, VA
FILED

MAY 03 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JACK E. LEWIS, JR.,** | ) | **Civil Action No. 7:18-cv-00113** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **FEDERAL COMMUNICATION** | ) | |
| **COMMISSION,** | ) | **By:  Hon. Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

Jack E. Lewis, Jr., a Virginia inmate, commenced this action pursuant to 42 U.S.C.

§ 1983 against the Federal Communications Commission ("FCC"). The complaint reads:

> I am suing the FCC for not doing its f[i]duciary responsibility for allowing
> illegal porn to be shown on the internet.  Illegal means illegal.  [I]f you
> allow illegal actions you are an accessory to a crime.  The pain and suffering
> the illegal websites have caused me [and] others are immeasurable. . . .  I
> also charge them with collusion with net providers to allow illegal content.
> Illegal means illegal.  When a government agency does not enforce the laws
> the[y] are responsible for the results.

This action is dismissed as frivolous and malicious.  "Although some cases that deserve

immediate dismissal will not always fit articulated standards, the trained jurist can many times

see through a screen of technically recognized allegations to discover a warrantless action."

Spencer v. Rhodes, 656 F. Supp. 458, 462 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987).

"The claim . . . asserted could be one that was legally recognized, but from the face of that

complaint, there [i]s no doubt that the plaintiff [i]s presenting the judiciary with nothing more

than an opportunity to waste some time." Id.  "[T]he judiciary, should not with precedent, tie our

own hands to the extent that we make ourselves unable to keep pro se litigation in the federal

courts from becoming a form of recreation for prison inmates." Id. at 463.

The court finds that this action was commenced for the purpose of harassment and not for

the purpose of vindicating a cognizable right with an arguable basis in law or fact.  See, e.g.,

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Spencer, supra at 461-63. Although the court

grants Plaintiff leave to proceed in forma pauperis, the court certifies that an appeal of this

opinion and the accompanying order would not be in good faith pursuant to 28 U.S.C.

§ 1915(a)(3). See Spurlock v. Hurst, 391 F. App'x 257, 258 (4th Cir. 2010) ("The district

court's certification that  the appeal is taken in bad faith controls in the absence of some showing

that the district court itself made such a determination in bad faith.").

    **ENTER**: This _3rd_ day of ~~April~~ May 2018.

/s/ Michael F. Urbanski
_____
      Chief United States District Judge